Stuart N. Bennett (Colorado State Bar No. 5682)
(Pro Hac Vice Application Pending)
Kim M. Ruckdaschel-Haley (California State Bar No. 222146)
(Admission Petition Pending)
Patrick G. Compton (Colorado State Bar No. 34425)
(Pro Hac Vice Application Pending – Designated Counsel for Service)
LINDQUIST & VENNUM, P.L.L.P.
80 S. Eighth Street, Suite 4200
Minneapolis, MN  55402
Telephone:     (612) 371-3211
Facsimile:      (612) 371-3207

and

Abe Lampart (State Bar No. 92406)
Joshua A. Gratch (State Bar No. 166732)
Law Offices of Abe Lampart, P.C.
456 Montgomery Street, Suite 1300
San Francisco, CA  94104
Telephone:     (415) 274-0999
Facsimile:      (415) 274-2563

Attorneys for Plaintiff
Smith Barney, a division of Citigroup Global Markets Inc.

# UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| **SMITH BARNEY, a division of CITIGROUP GLOBAL MARKETS INC.,** | CASE NO. CV F O8-0373 LJO GSA |
| **Plaintiff,** | **TEMPORARY RESTRAINING ORDER** (Docs. 4, 5, 10.) |
| vs. | |
| **JEFF BURROW; JASON GORDO; and VALLEY WEALTH, INCORPORATED,** | |
| **Defendants.** | |

*Temporary Restraining Order*

Plaintiff Smith Barney moved for a temporary restraining order against Defendants Jeff Burrow, Jason Gordo, and Valley Wealth, Incorporated and filed a supporting brief on legal issues presented by the motion; along with supporting affidavits and a proposed Order.

The Court, having reviewed the record, hereby orders as follows:

The Court grants Plaintiff's motion for a temporary restraining Order.

The Court finds that (1) the plaintiff will suffer immediate and irreparable harm if this temporary restraining order is not issued, (2) defendants will not suffer irreparable harm if this Order issues, (3) plaintiff will likely prevail on the merits of its Complaint, and (4) public policy is furthered by issuance of this Order.

THEREFORE, IT IS HEREBY ORDERED that:

(1) Pending further Order of this Court, Defendants Jeff Burrow, Jason Gordo, and Valley Wealth, Incorporated, and all persons acting under, in concert with, or for them, including, but not limited to, any officer, agent, representative or employee of Valley Wealth, Incorporated, are hereby temporarily restrained and enjoined from:

    (a) disposing of, destroying or altering in any way Smith Barney's Trade Secrets, including, specifically, information relating or pertaining to Smith Barney's current and former clients that are in their possession or control,

    (b) soliciting or accepting any business from, or initiating any further contact or

        communication with any client or customer of Plaintiff whom Defendants served or whose names became known to Defendants while employed at Plaintiff;

  (c)    accepting any business or account transfers from any customers whose records or information Defendants used in violation of their contractual and trade secret obligations to Plaintiff, and any customer whom Defendants may have contacted through the use of information received by Defendants while employed by Plaintiff;

  (d)    accepting any business or account transfers from any customers or clients of Plaintiff whom Defendants, or anyone acting on Defendants' behalf or in concert with Defendants, have solicited at any time in the past for the purpose of doing business with Defendants (excluding members of Defendants' immediate family);

(2)    Defendants shall immediately return to Plaintiff all documents and records, including originals, copies, and other reproductions, in whatever form including that which is stored on any form of electronic media, containing Plaintiff's trade secrets and confidential client information, in the possession, custody or control of Defendants.

(3)    Defendants shall further provide to Plaintiff their personal computers for inspection and removal of any and all trade secrets, confidential client information and other property belonging to Plaintiff.

*Temporary Restraining Order*

(4)　Defendants are directed to show cause in papers to oppose a preliminary injunction why all persons acting under, in concert with or for them, should not be enjoined during the pendency of this action from copying, disposing of, destroying, altering, disclosing, misappropriating, and using Plaintiff's trade secrets, and to return the same to Plaintiff, and from contacting Plaintiff's clients, soliciting Plaintiff's clients, or interfering with Plaintiff's existing contractual relationships and prospective economic advantage.

(5)　No later than seven days after service of this order on Defendants, Defendants may file and serve papers to seek to modify or dissolve this temporary restraining order;

(6)　No bond is required by defendants;

(7)　Defendants shall serve this temporary restraining order on defendants and their counsel by a means to accomplish service most expediently; and

(8)　Defendants may seek a preliminary injunction by filing papers and setting a hearing in compliance with this Court's Local Rule 78-230(b).

IT IS SO ORDERED.

Dated:   **March 18, 2008**               /s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE